## CAROLINE JONES vs. JAMES THOMPSON.

If a woman who has made a complaint under the bastardy act neglects to prosecute the same, and the case is thereupon prosecuted by one of the officers named in Gen. Sts. c. 72, § 2, the supplementary complaint filed in the superior court must aver all the facts necessary to sustain the prosecution.

Such supplementary complaint may be amended.

If such complainant has taken out a warrant, and has omitted for six weeks to cause it to be returned, this court cannot say on exceptions that this was not a sufficient neglect to prosecute the case to authorize the prosecution of it by one of the officers named in Gen. Sts. c. 72, § 2, although such neglect is not otherwise shown, and the original complaint is undisposed of.

COMPLAINT under Gen. Sts. *c.* 72, relating to the maintenance of bastard children, made by Henry B. Wheelwright, one of the alien commissioners. The complaint filed in the police court was dated April 27th 1863, and alleged that on the 11th of March 1863 Caroline Jones made a complaint charging the defendant with being the father of a bastard child with which she was pregnant, on which complaint a warrant was issued and delivered to Caroline, who neglected and refused to prosecute the complaint; and it prayed for a new warrant, which was accordingly issued, and the defendant was arrested, and gave bond for his appearance in the superior court. The said Wheelwright afterwards, by his attorney, filed a supplementary complaint in the superior court, setting forth all the former proceedings, and that Caroline was afterwards delivered of a bastard child, but not containing any direct averment that the defendant was the father of the child.

At the trial in the superior court, before *Putnam*, J., the defendant objected that this complaint could not be sustained, because the original complaint by Caroline remained undisposed of; that no evidence could be introduced to prove that the defendant was the father of the child, because the complaint contained no averment to that effect; and that there was no evidence of a refusal or neglect by Caroline to prosecute her complaint. The judge overruled all these objections, and ruled that the fact that her complaint had remained so long undisposed of in the police court was evidence of her refusal or neglect, upon which the police court must now be presumed to have acted.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*A. C. Clark*, for the defendant.

*J. G. Locke*, for the complainant.

DEWEY, J. It is the well settled rule of law that the complaint filed in the superior court is the one upon which the defendant in a bastardy prosecution is tried. Such complaint must state all the facts necessary to charge the defendant as the father of the bastard child, and all facts necessary to sustain

the proceedings against him under the statute. The complaint filed in the present case is defective, in that it does not directly allege those facts, but only alleges that the defendant was, in the original complaint before the police court, charged with being the father of the alleged bastard. It has no averment of its own of the truth or existence of that fact. The only issue presented by this complaint was, whether in the previous complaint the defendant had been thus charged, and not whether he was guilty of the acts charged.

This objection was taken to the complaint in due season, and is therefore a subject of exception. The verdict must for this cause be set aside and a new trial had, when it will be competent for the court to grant leave to amend the complaint, and have the case submitted to the jury on the amended complaint.

We see no objection to the prosecution of the case, upon the ground that it was not sufficiently shown that Caroline Jones had neglected to prosecute it. *Exceptions sustained*